**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marc G. CROSBY,**
**Defendant–Appellant.**

No. 89–3932.

United States Court of Appeals,
Sixth Circuit.

Submitted April 30, 1990.

Decided Sept. 11, 1990.

Roger S. Bamberger, Asst. U.S. Atty., Office of the U.S. Atty., Cleveland, Ohio, for plaintiff-appellee.

John B. Gibbons, Cleveland, Ohio, for defendant-appellant.

Before MARTIN and BOGGS, Circuit Judges, and JOINER, Senior District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

Mark Crosby appeals the sentence imposed following his guilty plea for involvement in a continuing criminal enterprise in violation of 21 U.S.C. § 848. The criminal enterprise was a distribution ring for cocaine base, also known as crack cocaine. Crosby had previously been convicted of multiple drug charges in Ohio state court for acts committed in furtherance of the same cocaine base distribution ring. Crosby contends that the district court should

---

\* The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of    Michigan, sitting by designation.

not have included this prior conviction in calculating his criminal history score under the sentencing guidelines because he had committed the prior acts as "part of the instant offense." Sentencing Guidelines § 4A1.2(a)(1). We conclude that the district court properly included Crosby's prior conviction in calculating his criminal history score.

The federal indictment to which Crosby pled guilty alleged that Crosby organized and managed a cocaine base distribution ring—a continuing criminal enterprise under 21 U.S.C. § 848—from January 1987 through March 1989. One element of involvement in a continuing criminal enterprise under 21 U.S.C. § 848(c) is violation of another federal narcotics law.[1] The federal indictment alleged that Crosby had violated federal narcotics laws in acts that had led to his arrest on January 24, 1987 by the Cleveland Police Department. Following that arrest, Crosby had pled guilty in Cuyahoga County Common Pleas Court to multiple felony drug counts under Ohio state law, for which he had received a sentence of two years probation on April 11, 1988. Crosby was still on probation for the prior state court conviction at the time of his guilty plea in this federal case on July 18, 1989.

After Crosby pled guilty in the present case, a federal probation officer prepared a pre-sentence report. In calculating Crosby's criminal history score, the probation officer included Crosby's sentence for his prior conviction in Ohio state court, adding one point to his criminal history score under section 2D1.5, application note 3, and section 4A1.1(c) of the guidelines. The probation officer added two more points because Crosby was still on probation for the prior state court conviction at the time of

the arrest and guilty plea in the present federal offense. Sentencing Guidelines § 4A1.1(d). With a criminal history score totalling three points, Crosby qualified for criminal history category II. The probation officer combined Crosby's adjusted offense level of 34 with his criminal history category II to assign him a sentencing range of fourteen to seventeen and one half years of imprisonment. Sentencing Guidelines Ch. 5, Pt. A (Sentencing Table).

The district court reviewed the pre-sentence report and held a sentencing hearing on October 2, 1989. At the sentencing hearing, the district court rejected Crosby's objection to the use of his prior sentence for the Ohio state court conviction in calculating his criminal history score. The district court adopted the probation officer's calculations in the pre-sentence report and imposed the minimum sentence of fourteen years imprisonment. Crosby appeals that sentencing determination to this court.

■ Crosby argues that the district court erred by including the prior Ohio state court sentence in his criminal history because that offense was part of his continuing federal criminal enterprise. In calculating a defendant's criminal history, a court includes "any sentence previously imposed upon adjudication of guilt, ..., for conduct not part of the instant offense." Sentencing Guidelines § 4A1.2(a)(1). Crosby contends that his conduct in committing the prior Ohio state drug offense was "part of the instant offense" under the guidelines because it was an element for proving the federal offense of involvement in a continuing criminal enterprise. Under a natural reading of the guidelines, conduct that is an element of an offense would normally be considered "part" of that offense.

1. A continuing criminal enterprise is defined in full as follows:

For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

21 U.S.C. § 848(c).

Despite this support for Crosby's argument, the Sentencing Commission clearly intended otherwise. The Sentencing Commission specifically considered this situation in the application notes to section 2D1.-5, which state:

> Under 21 U.S.C. § 848, certain conduct for which the defendant has previously been sentenced may be charged as part of the instant offense to establish a "continuing series of violations." A sentence resulting from a conviction sustained prior to the last overt act of the instant offense is to be considered a prior sentence under § 4A1.2(a)(1) and not part of the instant offense.

United States Sentencing Comm'n., *Guidelines Manual*, § 2D1.5 (application note 3) (Nov. 1989). The apparent discrepancy between the text of the guidelines and the application notes in this situation presents a glaring example of an inherent problem in the guidelines. The difficulty that faces the drafters of any general code in trying to anticipate and clearly address every conceivable fact situation is magnified in a field as highly individualized as criminal sentencing. In the relatively rare case before us, the Sentencing Commission has clearly and specifically explained its intent in the application notes, and we adopt that explanation, despite the apparent contradiction with the text. If a conviction occurs while the criminal enterprise is continuing, a court should include the sentence resulting from that conviction in the criminal history for calculating the sentence for involvement in a continuing criminal enterprise. A conviction for involvement in a continuing criminal enterprise differs from an isolated criminal act because it necessarily involves the repeated commission of other crimes. 21 U.S.C. § 848(c). The sentencing guidelines reflect the unique nature of a continuing criminal enterprise by including prior sentences in the defendant's criminal history, even if the prior sentences are for crimes committed in furtherance of the continuing criminal enterprise. United States Sentencing Comm'n., *Guidelines Manual*, § 2D1.5 (application note 3) (Nov. 1989).

Our conclusion is bolstered by the guidelines' treatment of other continuing criminal business offenses. For example, the sentencing guidelines for the RICO statute, 18 U.S.C. §§ 1962–63, also include related prior sentences in calculating a defendant's criminal history score. *See* United States Sentencing Comm'n., *Guidelines Manual*, § 2E1.1 (application note 4) (Nov. 1989). In addition, the background to guideline § 2E2.2 for loan sharking states that the base offense level for loan sharking is greater than the offense level for simple extortion, "because loan sharking is in most cases *a continuing activity.*" United States Sentencing Comm'n., *Guidelines Manual*, § 2E2.1 (background) (Nov. 1989) (base offense level 20 for violations of loan sharking statutes, 18 U.S.C. §§ 892–94) (emphasis added); *cf. id.* at § 2B3.2 (base level 18 for violation of extortion statutes, 18 U.S.C. §§ 875(b), 876–77, 1951). The inclusion of prior sentences stemming from involvement in a continuing criminal enterprise in the calculation of a defendant's criminal history category is not an aberration; it follows a general policy for defendants convicted of involvement in other types of continuing criminal businesses.

Under this interpretation, Crosby's prior sentence merits inclusion in his criminal history under the guidelines. The last overt act alleged in Crosby's indictment was Crosby's possession of cocaine and cocaine base on March 1, 1989. Crosby admitted in his federal guilty plea that he committed that overt act in furtherance of the continuing criminal enterprise after his state conviction. Because Crosby's prior state conviction occurred before his last overt act in furtherance of the continuing criminal enterprise, the state conviction was included properly in the calculation of his criminal history. United States Sentencing Comm'n., *Guidelines Manual*, § 2D1.5 (application note 3) (Nov. 1989). Although the facts of this case involve a state court conviction, the same analysis would apply equally to a federal court conviction.

■ Although his brief is unclear, Crosby apparently also contends that the inclu-

sion of his prior state conviction in the calculation of his criminal history score was arbitrary and capricious—violating due process—because it did not follow procedures mandated in the sentencing guidelines. This argument is meritless because the district court did not misapply the guidelines. In *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), the Supreme Court held that the sentencing guidelines did not violate either the separation of powers doctrine or the non-delegation clause of the Constitution, but the Court did not consider whether the guidelines violated the due process clause of the fifth amendment. At least one court has held that the guidelines violate due process because they constitute a *de facto* transfer of sentencing authority from judge to prosecutor. *See United States v. Roberts*, 726 F.Supp. 1359 (D.C.Dist.1989). Because Crosby has not raised this more general issue either in district court or on appeal and because it presents a question of constitutional interpretation, we leave it for another day.

▮ By reviewing whether Crosby's Ohio state court conviction could be included in his criminal history, we do not intend to imply that Crosby could mount a collateral challenge to the validity of the state court conviction itself at the federal sentencing hearing. Challenges in federal court to state court convictions are limited to review by the United States Supreme Court of state supreme court decisions and federal *habeas corpus* review after the state court remedies have been exhausted. At his federal sentencing hearing, Crosby could contest only whether the state court actually convicted him, and whether the state court conviction was appropriately included in his criminal history.

We believe the district court properly included the prior Ohio state offense in calculating Crosby's criminal history score. The judgment of the district court is therefore affirmed.