972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marc G. CROSBY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3250.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1992.
 
 1
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and COOK, Chief District Judge.*
 
 ORDER
 
 2
 Marc G. Crosby, a pro se federal prisoner, appeals the district court's order denying his motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In July 1989, Crosby pleaded guilty to one count of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. He was sentenced on October 3, 1989, to 168 months imprisonment and 5 years supervised release. A panel of this court affirmed Crosby's sentence on direct appeal. United States v. Crosby, 913 F.2d 313 (6th Cir.1990). In that opinion, Judge Martin noted:
 
 
 4
 At least one court has held that the [sentencing] guidelines violate due process because they constitute a de facto transfer of sentencing authority from judge to prosecutor. See United States v. Roberts, 726 F.Supp. 1359 (D.C.Dist.1989). Because Crosby has not raised this more general issue either in district court or on appeal and because it presents a question of constitutional interpretation, we leave it for another day.
 
 
 5
 Crosby, 913 F.2d at 316.
 
 
 6
 Crosby subsequently filed this motion under § 2255 raising the issue identified by Judge Martin. The district court denied the motion, relying on two Sixth Circuit decisions. On appeal, Crosby continues to argue the merits of his due process claim. In addition, he argues for the first time that the sentencing process violated his Sixth Amendment right of confrontation. He requests the appointment of counsel and a transcript at government expense in his brief.
 
 
 7
 Upon review, we affirm the district court's order because Crosby has not established a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 8
 Crosby did not present his Sixth Amendment issue to the district court. Unless exceptional circumstances are present, this court normally will not address an issue raised for the first time on appeal. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). No such exceptional circumstances are present in this case.
 
 
 9
 Crosby's due process issue has been decided adversely to his position. The Sentencing Reform Act and associated sentencing guidelines do not violate due process by impermissibly shifting influence over sentencing from the judiciary to the prosecutor. See United States v. Santos, 932 F.2d 244, 255 (3d Cir.), cert. denied, 112 S.Ct. 592 (1991); United States v. Mills, 925 F.2d 455, 462 (D.C.Cir.1991), modified on other grounds, 1992 WL 111804 * 19 n. 3 (D.C.Cir. May 29, 1992). See also, generally, United States v. Jacobs, 877 F.2d 460, 462 (6th Cir.1989); United States v. Allen, 873 F.2d 963, 964-66 (6th Cir.1989).
 
 
 10
 Accordingly, we deny the requests for the appointment of counsel and a transcript at government expense. The district court's order, entered February 14, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation