42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marc G. CROSBY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-3047, 94-3073, 94-3148.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1994.
 
 1
 Before: MILBURN and SUHRHEINRICH, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Marc G. Crosby appeals pro se from two district court judgments that denied separate motions to vacate, correct or set aside his sentence under 28 U.S.C. Sec. 2255. Crosby also appeals an order that denied his motion for disqualification of the district court judge. These consolidated appeals have been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Crosby pleaded guilty to one count of engaging in a continuing criminal enterprise ("CCE"), a violation of 21 U.S.C. Sec. 848. On October 3, 1989, he was sentenced to 14 years of imprisonment and 5 years of supervised release. Crosby's sentence was affirmed by this court on direct appeal. United States v. Crosby, 913 F.2d 313, 316 (6th Cir.1990).
 
 
 4
 On June 22, 1993, Crosby filed a Sec. 2255 motion in case No. 1:93-CV-1307, raising four claims based on the retroactive application of various amendments to the sentencing guidelines. On August 6, 1993, Crosby filed a Sec. 2255 motion in case No. 1:93-CV-1645, raising seven claims that pertained to the validity of his conviction. The district court denied both of these motions by separate orders entered on December 28, 1993. In denying the first motion, the district court found that Crosby was not entitled to retroactive application of the cited amendments to the sentencing guidelines, that Crosby's offense level had been properly computed in light of his CCE conviction and that the amount of drugs involved was not relevant to this computation. In denying the second motion, the court found that Crosby had not shown cause that would excuse his failure to raise his claims on direct appeal. On January 18, 1994, Crosby moved for mandatory recusal of the district court judge in both cases. This motion was denied on January 27, 1994. Crosby now appeals from the denial of his Sec. 2255 motions and his motion for recusal. His briefs on appeal contain a request for counsel.
 
 
 5
 The denial of a Sec. 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To prevail under Sec. 2255, Crosby must demonstrate a fundamental defect in the proceedings which resulted in a complete miscarriage of justice or an error so egregious that it violates due process. See id. A de novo review of the record shows that both of Crosby's Sec. 2255 motions were properly dismissed under this standard.
 
 
 6
 Crosby did not raise any of the four claims that were asserted in case No. 1:93-CV-1307 on direct appeal. A motion to vacate under Sec. 2255 is not a substitute for a direct appeal. Thus, Crosby must show cause and prejudice that would excuse his failure to raise his claims at that time. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Crosby did not make any attempt to establish cause in case No. 1:93-CV-1307. His failure to make a sufficient showing regarding cause independently precludes review of his claims on the merits. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986).
 
 
 7
 Nevertheless, we note that Crosby did not suffer actual prejudice from any of the errors that were alleged in that motion. Crosby alleged: 1) that his relevant conduct was read too broadly because the sentencing court erroneously focused on the entire drug distribution conspiracy, despite an amendment to U.S.S.G. Sec. 1B1.3(a); 2) that the amount of drugs considered under the guidelines should have been limited to his participation in the conspiracy under an amendment to U.S.S.G. Sec. 2D1.1; 3) that he was entitled to an additional reduction for acceptance of responsibility under an amendment to U.S.S.G. Sec. 3E1.1; and 4) that he could be sentenced to a penalty other than incarceration under an amendment to the sentencing table. The district court properly refused to apply these amendments retroactively because they are not listed in U.S.S.G. Sec. 1B1.10. See United States v. Dullen, 15 F.3d 68, 71 (6th Cir.1994). The court also found that it had not relied on Crosby's specific conduct in the conspiracy or the amount of drugs that were involved in calculating the base offense level for his CCE conviction. Moreover, 21 U.S.C. Sec. 848(d) specifically prohibits imposing a suspended or probated sentence for a CCE conviction. Therefore, Crosby's Sec. 2255 motion was properly dismissed in case No. 1:93-CV-1307, because he did not demonstrate either cause or prejudice that would excuse the failure to raise his claims on direct appeal. See Ratliff, 999 F.2d at 1025.
 
 
 8
 Crosby also failed to raise any of the claims asserted in case No. 1:93-CV-1645 on direct appeal. While Crosby generally alleged that there was cause and prejudice that would excuse this failure, the district court properly determined that he had not established cause regarding his first five claims. Crosby's failure to establish cause regarding these claims provides an independent basis for dismissal under Sec. 2255. See Murray, 477 U.S. at 494-95.
 
 
 9
 We note, nonetheless, that Crosby has not shown actual prejudice regarding any of the substantive claims that were raised in case No. 1:93-CV-1645. Crosby alleged: 1) that he was held for eight days after his arrest without a probable cause hearing and that he was not advised of his rights at his initial arraignment; 2) that he was subjected to vindictive prosecution because the superseding indictment charged him with offenses that he did not commit; 3) that he was subjected to prosecutorial misconduct and unnecessary delay in the presentation of his case to the grand jury; 4) that his indictment was "duplicitous" because it charged him with engaging in a CCE, conspiracy and the distribution of cocaine and cocaine base. Crosby was not prejudiced by these alleged errors because he later entered a valid and unconditional guilty plea to the CCE charge. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Pickett, 941 F.2d 411, 416-17 (6th Cir.1991).
 
 
 10
 Crosby also alleged that his guilty plea was not knowing and voluntary because he was not adequately advised of his rights under Fed.R.Crim.P. 11. Crosby was not prejudiced by this error because his allegations are contradicted by the record of his re-arraignment. Therefore, Crosby's Sec. 2255 motion in case No. 1:93-CV-1645 was properly dismissed in part because he did not show either cause or prejudice that would excuse his failure to raise his first five claims on direct appeal. See Ratliff, 999 F.2d at 1025.
 
 
 11
 In his sixth claim, Crosby alleged that his guilty plea was invalid because his trial counsel had misadvised him regarding the possible sentence that he might receive if he was convicted of conspiracy. An ineffective assistance of counsel claim is normally raised in a Sec. 2255 motion, rather than on direct appeal. However, Crosby's claim is properly dismissed on the merits. To establish ineffective assistance of counsel, Crosby must show that his attorney's performance was deficient and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Crosby's claim is set out in full below:
 
 
 12
 There is a reasonable possibility that with competent counsel, Mr. Crosby would not have pleaded guilty to CCE, however, he would have insisted on a trial. Counsel erroneously advised Mr. Crosby that he would receive an eight (8) year sentence by pleading guilty to the conspiracy part of the multiplicitous CCE indictment. Counsel's misadvice was unreasonable.
 
 
 13
 Crosby's suggestion that counsel's misadvice led him to plead guilty to the CCE charge rather than to conspiracy is not credible. If proven, the conspiracy charge would have subjected Crosby to a term of 10 years to life imprisonment. See 21 U.S.C. Sec. 841(b)(1)(A)(iii). Thus, counsel allegedly advised Crosby that the penalty for the conspiracy was less than it actually was. This error would not have discouraged a reasonable defendant from pleading guilty to conspiracy. Moreover, the conspiracy count was dismissed, along with six distribution charges, in exchange for Crosby's guilty plea to the CCE charge. Under these circumstances, there is not a "reasonable probability" that Crosby would have rejected the plea bargain if counsel had advised him differently regarding the penalty for conspiracy.
 
 
 14
 Crosby's seventh claim does not raise any substantive grounds for relief. Instead, he argues that there are exceptional circumstances that warrant review of his case. The federal courts may always reach the merits of a Sec. 2255 motion to prevent a fundamental miscarriage of justice. However, it is clear that this exception to the cause and prejudice test does not apply in the instant case, as Crosby was not prejudiced by any of the errors that he has alleged.
 
 
 15
 Crosby also filed a motion seeking disqualification of Judge John M. Manos under 28 U.S.C. Sec. 455(a). He argued that his Sec. 2255 motions had been denied because Judge Manos was personally biased against him. In particular, he argued that Judge Manos "had difficulty putting aside his personal views and findings" and that the judge was prejudiced by earlier proceedings in his case.
 
 
 16
 A federal judge is required to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. Sec. 455(a). In reviewing a party's claim under Sec. 455(a), this court determines whether "a reasonable, objective person, knowing all of the circumstances would have questioned the judge's impartiality." Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir.), cert. denied, 498 U.S. 980 (1990). The district court did not abuse its discretion by denying Crosby's motion for recusal because his allegations of prejudice are based wholly on Judge Manos's prior participation in the case. United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990).
 
 
 17
 Accordingly, Crosby's request for counsel is denied, and the district court's judgments are hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. District Judge for the Eastern District of Michigan, sitting by designation