**Ervin J. ROBINSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 98–2055.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 6, 1999.

Decided Nov. 3, 1999.

Anita Rivkin-Carothers (argued), Chicago, IL, for Robinson.

Michael Jude Quinley (argued), W. Charles Grace, Office of U.S. Atty., Criminal Division, Fairview Heights, IL, for United States.

Before ESCHBACH, FLAUM, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

In this successive appeal, Ervin Robinson argues that the district court erred in denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Robinson, who pleaded guilty, alleged numerous instances of deficient performance by counsel, but failed to prove he was prejudiced. Robinson also contends that in light of *Rutledge v. United States*, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), his convictions and sentences for both conspiracy and for engaging in a continuing criminal enterprise violate the double jeopardy clause of the Fifth Amendment. We agree. Accordingly, we affirm in part, and vacate and remand in part.

## I. HISTORY

In September 1992, Ervin Robinson pleaded guilty to conspiracy to distribute marijuana and cocaine in violation of 21 U.S.C. § 846 (count 1); distribution and possession with intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 841(a)(1) (count 2); participating in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848 (count 3); money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (counts 4–30); filing false tax returns in violation of 26 U.S.C. § 7206(1) (counts 31–32); and providing false statements to a government agency in violation of 18 U.S.C. § 1001 (counts 33–35). The district court assigned Robinson a total offense level of 38 and placed him in criminal history category III, yielding a guideline imprisonment range of 292 to 365 months. The district court sentenced Robinson to 292 months on count 1; 240 months on count 2; 292 months on count 3; 240 months on counts 4 and 5; 240 months on counts 6 through 30; 36 months on counts 31 and 32; and 60 months on counts 33 through 35, with the sentences on all counts to run concurrently. The district court also sentenced Robinson to a total of ten years of supervised release, and imposed special assessments totaling $1,750. Robinson appealed, and we affirmed.

*United States v. Robinson*, 14 F.3d 1200 (7th Cir.1994).

In April 1997, Robinson timely filed a motion to vacate, set aside, or correct his sentence, raising numerous grounds including ineffective assistance of counsel. The district court held an evidentiary hearing on Robinson's § 2255 motion. The district court denied Robinson's § 2255 motion in February 1998, but granted him a certificate of appealability.

## II. ANALYSIS

### A. *Standard of Review*

■ We review de novo the district court's denial of a § 2255 motion. *Gray–Bey v. United States*, 156 F.3d 733, 737 (7th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 849, 142 L.Ed.2d 703 (1999). However, we examine the district court's finding of facts for clear error. *Id.*

### B. *Conviction and Sentence for Both Conspiracy and Continuing Criminal Enterprise*

At the time Robinson was convicted and sentenced, our cases interpreting the relevant statutes permitted district courts to enter convictions and impose concurrent sentences for conspiracy and CCE as long as the total penalty did not exceed the maximum allowed under the CCE statute. *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *United States v. Bond*, 847 F.2d 1233, 1238 (1988), *overruled by Rutledge v. United States*, 517 U.S. 292, 300, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). Since then, the Supreme Court has held that "conspiracy as defined in § 846 does not define a different offense from the CCE offense defined in § 848." *Rutledge v. United States*, 517 U.S. 292, 300, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). Consequently, conspiracy is a lesser-included offense of CCE, and, as such, a court may not impose punishment for both offenses. *Id.* at 297, 300, 116 S.Ct. 1241. Robinson argues that in light of *Rutledge* his convictions and sentences on both the conspiracy and CCE counts violate the double jeopardy clause of the Fifth Amendment. The district court ruled that Robinson waived this argument by pleading guilty.

■ Robinson contends that "a guilty plea does not waive a claim that an information or indictment, judged on its face, is constitutionally deficient in violation of the double jeopardy clause." Whether a guilty plea bars a *Rutledge* challenge to convictions for both conspiracy and CCE is an issue of first impression in this circuit. However, the general rule is that a guilty plea bars double jeopardy collateral attacks, with two notable exceptions. *United States v. Broce*, 488 U.S. 563, 569, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Under one exception, a guilty plea does not waive a double jeopardy claim to a charge that the government may not constitutionally prosecute, so long as it is clear from "the face of the record the court had no power to enter the conviction or impose the sentence." *Id.* at 569, 575, 109 S.Ct. 757; *see also Dawson v. United States*, 77 F.3d 180, 183 n. 3 (7th Cir.1996) (noting narrow exception to guilty plea waiver "where on the face of the record a court had no power to enter the conviction or impose the sentence at all"); *United States v. Montilla*, 870 F.2d 549, 552–53 (9th Cir.1989) (ruling that the waiver applies only if the "judge could determine at the time of accepting the plea, from the face of the indictment or from the record," that sentence or conviction could not be imposed); *Cf. Taylor v. Whitley*, 933 F.2d 325, 330 (5th Cir.1991) (guilty plea despite indictments or a trial court record that evince on their face a double jeopardy violation does not waive right to challenge the violation unless expressly relinquished). This exception to the general rule of waiver does not apply, however, if the record alone cannot establish the double jeopardy violation. *Broce*, 488 U.S. at 576, 109 S.Ct. 757; *United States v. Makres*, 937 F.2d 1282, 1286 (7th Cir.1991) (double jeopardy challenge foreclosed by

guilty plea where evidentiary hearing required to prove claim).

The record in this case demonstrates that the criminal conduct charged in the conspiracy count also served as the basis for the CCE charge; thus, Robinson's double jeopardy claim was not waived by his guilty pleas. For example, the time frames listed in the indictment for both the conspiracy charge (count 1) and the CCE charge (count 3) are identical—1980 until March 1992. Similarly, the indictment indicates that both the conspiracy and CCE charges involved the distribution of cocaine and marijuana in St. Clair County, Illinois, and the conspiracy and CCE are jointly referred to as "this drug trafficking enterprise" in the stipulated statement of facts. The indictment charges that as part of the conspiracy Robinson used couriers to transport large sums of money from southern Illinois to co-conspirators in Florida and elsewhere to acquire large quantities of marijuana and cocaine. This same activity is described as part of the CCE charge in the statement of stipulated facts. Thus, because it is clear from the record that convicting and sentencing Robinson on both the conspiracy and CCE charges violated his Fifth Amendment rights, he did not waive his double jeopardy claim.

█ The government never addressed *Broce* or whether Robinson's double jeopardy claim fits within the record exception. Instead, the government argues that if Robinson's guilty plea did not waive his double jeopardy claim it is barred by *Teague v. Lane*, 489 U.S. 288, 301, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). The government concedes that *Rutledge* created a new rule of law, but contends that under *Teague* new rules may not be applied retroactively to cases on collateral review. However, in *Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), the Supreme Court made it clear that *Teague*'s retroactivity bar applies only to new rules of criminal procedure not to changes in substantive law. Thus, the government is incorrect; *Teague*

has no bearing on Robinson's double jeopardy claim.

### C. Ineffective Assistance of Counsel

#### 1. Failure to Investigate Before Advising Robinson to Plead Guilty

█ Robinson claims his attorneys were ineffective because they failed to investigate the charges or interview witnesses before advising him to plead guilty. To establish ineffective assistance of counsel, Robinson was required to prove that his counsel's performance "fell below an objective standard of reasonableness," and that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of Robinson's guilty pleas, he must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Whether Robinson was prejudiced on his failure to investigate claim depends on whether information that might have been discovered with further inquiry "would have led counsel to change his recommendation as to the plea." *Id.* at 59, 106 S.Ct. 366. This determination depends on the likelihood that the evidence would have changed the outcome at trial. *Id.*

Robinson asserts that if his trial counsel had interviewed Brian Whipple they would have learned that a grand jury witness lied about Robinson's sons stealing two kilograms of cocaine from Robinson's house and then traveling to Florida with Whipple to sell the drugs. Robinson also contends that if his trial counsel had conducted an adequate investigation they would have uncovered that a Drug Enforcement Agency (DEA) agent lied to the grand jury about Robinson's name appearing in a drug ledger. William Gavras, one of Robinson's trial attorneys, admitted at the evidentiary hearing held on Robinson's § 2255 motion

that neither he nor Robinson's other lawyer, William Stiehl, knew about Whipple's version of the events, or the allegedly false drug ledger testimony. Gavras testified that they advised Robinson to plead guilty because of the overwhelming evidence against him. The lawyer further testified that knowing about either the Whipple evidence or the drug ledger evidence would have affected his assessment of the government's case. In our opinion, Gavras' testimony is a far cry from an admission that he would have advised Robinson to go to trial had he known about the Whipple or drug ledger evidence.

Furthermore, the mere fact that Whipple's account differs from that of the grand jury witness is far from conclusive proof that the witness lied. Moreover, Whipple had a motive to lie because the grand jury witness portrayed him as being involved in illegal drug sales. With respect to the drug ledger, Robinson contends that the DEA agent lied because the name "Ervin Robinson" does not appear in the ledger. According to the DEA agent, Robinson's drug transaction was recorded in the ledger under his street name "Bird," and though Robinson denied having ever been known as "Bird," his assertion is hardly conclusive proof that the DEA agent testified falsely. In any event, we conclude that this is not the type of evidence that would have caused Robinson to believe that he could win at trial, especially considering that the government's case included testimony from Robinson's co-conspirators, and tape-recorded conversations of Robinson discussing his drug dealings. *See Arango–Alvarez v. United States*, 134 F.3d 888, 892 (7th Cir.1998). Significantly, at the evidentiary hearing on his § 2255 motion, Robinson did not testify that he would have insisted on going to trial if his counsel had conducted a thorough investigation. Consequently, Robinson has not proven ineffective assistance of counsel because he has not presented any evidence that he was prejudiced by his counsel's alleged failure to investigate.

### 2. *Erroneous Advice That His Sentence Could Be Less Than 20 Years*

The minimum sentence for a CCE conviction is 20 years. 21 U.S.C. § 848. Robinson claims ineffective assistance of counsel because, as Gavras admitted at the evidentiary hearing, his attorneys misled him about the minimum sentence he could receive. Robinson contends that he would not have pleaded guilty but for counsel's erroneous advice that he could receive a sentence of less than 20 years. But at the change of plea hearing, the district court informed Robinson that he faced a minimum sentence of 240 months. The court advised Robinson that "the best you can hope for ... is 20 years," and informed him that he could get a life sentence. Robinson acknowledged that he understood, and when the district court inquired whether anyone had told him he could receive a sentence of less than 20 years, Robinson answered no. Having acknowledged that he faced a minimum sentence of 20 years, Robinson cannot claim that he was prejudiced by his counsel's misleading advice about his possible sentence. *See McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir.1996) (incorrect advice concerning mandatory minimum sentence not prejudicial if defendant was aware of statutory minimum at time of guilty plea). The district court found implausible Robinson's allegation that until he was sentenced, he believed he could receive less than 20 years, and the district court's finding is not clearly erroneous. *United States v. Mitchell*, 58 F.3d 1221, 1226 (7th Cir.1995).

### 3. *Failure to Object to Double Counting Prior Conviction at Sentencing*

The district court gave Robinson three criminal history points for his prior conviction for distributing cocaine in violation of 21 U.S.C. § 841. Robinson contends that the criminal conduct underlying his prior conviction for distributing cocaine also served as part of the basis for

the CCE charge. Robinson argues that including the prior conviction in calculating his criminal history score violated U.S.S.G. § 4A1.2(a)(1), which provides that a defendant's criminal history should include only those convictions for conduct not encompassed by the instant offense. The district court did not grant a certificate of appealability on this issue; thus, we construe Robinson's § 4A1.2(a)(1) argument as an implicit request for a certificate of appealability. *Buggs v. United States*, 153 F.3d 439, 443 (7th Cir.1998).

Robinson asserts that if the prior cocaine conviction had not been included in his criminal history, he would have been in criminal history category II instead of category III. The district court ruled that the difference in the sentence Robinson would have received in category II was not significant enough to establish ineffective assistance of counsel. With his offense category of 38, Robinson's sentencing guideline range under category II would have been 262–327 months, and under category III the range was 292–365. Robinson received 292 months. The maximum difference of 32 months fails to meet the constitutional standard of prejudice. *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999) (42–month difference not constitutionally significant, *petition for cert. denied*, —— U.S. ——, 120 S.Ct. 432, —— L.Ed.2d —— (1999)); *Martin v. United States*, 109 F.3d 1177, 1178 (7th Cir.1996) (single criminal-history level increase not constitutionally significant). Consequently, this sentencing issue does not warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2).

### III.  CONCLUSION

For the foregoing reasons, we affirm the district court's judgment on all claims except the *Rutledge* double jeopardy claim. As to the double jeopardy claim, we remand to the district court with instructions to vacate Robinson's conviction and sentence under either the CCE count or conspiracy count, and to direct the United States to refund the excess $50 assessment, if the total of all assessments already has been paid.