Ervin J. **ROBINSON**, Petitioner–Appellant,

v.

**UNITED STATES** of America, Respondent–Appellee.

No. 98–2055.

United States Court of Appeals, Seventh Circuit.

Submitted March 12, 2001.

Decided March 29, 2001.

Before Hon. FLAUM, Chief Judge, Hon. POSNER, Hon. KANNE, Circuit Judges.

ORDER

The Supreme Court vacated the judgment of this court in *Robinson v. United States,* 196 F.3d 748 (7th Cir.1999), and remanded it for reconsideration in light of

*Glover v. United States,* 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001).

This case involves Ervin J. Robinson's 28 U.S.C. § 2255 petition to vacate, set aside or correct his sentence. Robinson pleaded guilty and his conviction was affirmed on direct appeal in *United States v. Robinson,* 14 F.3d 1200 (7th Cir.1994). In his § 2255 petition he alleges deficient performance by his counsel. He also claims that in light of *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), his convictions and sentences for both conspiracy and for engaging in a continuing criminal enterprise violate the Fifth Amendment's double jeopardy clause.

The background of Robinson's claim of error in the calculation of his sentence, and the conduct of his counsel with regard thereto, is set forth in *Robinson v. United States,* 196 F.3d at 753–54:

> The district court gave Robinson three criminal history points for his prior conviction for distributing cocaine in violation of 21 U.S.C. § 841. Robinson contends that the criminal conduct underlying his prior conviction for distributing cocaine also served as part of the basis for the CCE charge. Robinson argues that including the prior conviction in calculating his criminal history score violated U.S.S.G. § 4A1.2(a)(1), which provides that a defendant's criminal history should include only those convictions for conduct not encompassed by the instant offense.....
>
> Robinson asserts that if the prior cocaine conviction had not been included in his criminal history, he would have been in criminal history category II instead of category III.

*Id.*

Robinson claimed in his § 2255 petition that he received ineffective assistance of counsel because his attorney did not object to what he alleges was double counting in his sentence calculation that was contrary to U.S.S.G. § 4A1.2(a)(1). The district court ruled that the difference in the sentence Robinson would have received in category II was not significant enough to establish ineffective assistance of counsel. On appeal we determined that the maximum difference of 32 months between category II and category III failed to meet the constitutional standard of prejudice. Both we and the district court were in error. See *Glover,* 121 S .Ct. at 701 (holding that it is error to engraft onto the prejudice branch of the *Strickland* test a requirement that any increase in a sentence must meet a standard of significance). Because both the district court and we determined that Robinson failed to establish prejudice, the merits of this claim have not been addressed. Therefore, the sentence calculation and the effectiveness of Robinson's counsel with regard thereto must be returned to the district court for review in the first instance.

Further, based on our analysis in *Robinson v. United States,* 196 F.3d at 751–52, convicting and sentencing Robinson on both the conspiracy and continuing criminal enterprise charges violated his Fifth Amendment rights. Thus, the conviction and sentence on one or the other charges must be vacated.

IT IS THEREFORE ORDERED that the sentence calculation under Section 4A1.2(a)(1) and the ineffective assistance of counsel claim relating thereto, is REMANDED to the district court with instructions to examine these issues in light of *Glover.*

IT IS FURTHER ORDERED that relief should be granted as to the double jeopardy claim, and it is REMANDED to the district court with instructions to grant the writ as to this claim and vacate Robin-

son's conviction and sentence under either the continuing criminal enterprise count or conspiracy count and to direct the United States to refund the excess $50.00 assessment, if the total of all assessments already has been paid.

IT IS FURTHER ORDERED that the district court's denial of other claims of ineffective assistance of counsel raised by Robinson, relating to allegations of his counsel's failure to investigate before advising him to plead guilty, and purported erroneous advise given by counsel that his sentence could be less than 20 years, is AFFIRMED for the reasons stated in *Robinson v. United States,* 196 F.3d at 752–53.