**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ervin J. ROBINSON, Defendant–
Appellant.**

**No. 01–3897.**

United States Court of Appeals,
Seventh Circuit.

Argued April 9, 2003.

Decided June 17, 2003.

Before FLAUM, Chief Judge,
POSNER, and KANNE, Circuit Judges.

## ORDER

In this successive appeal, Ervin J. Robinson challenges the sentence imposed for his Continuing Criminal Enterprise ("CCE") conviction, 21 U.S.C. § 848. Specifically, he contends that the district court erroneously included in the calculation of his criminal history category a prior drug conviction that also served as a basis of the CCE offense. We reject the argument and affirm Robinson's sentence.

In July 1992, Robinson was charged in a thirty-six count superceding indictment, based on allegations that he had been involved in drug trafficking from 1982 to 1992, during which time, with the help of his brothers, Robinson distributed between fifteen and fifty kilograms of cocaine. He pleaded guilty to most counts in the indictment, including the CCE charge. The district court sentenced Robinson, and a series of appeals followed,[1] which eventually

---

1. *See United States v. Robinson,* 14 F.3d 1200 (7th Cir.1994) (affirming the district court's calculation of Robinson's offense level); *Robinson v. United States,* 196 F.3d 748 (7th Cir.1999) (affirming district court's denial of all Robinson's 28 U.S.C. § 2255 claims except a double jeopardy claim, which was remand-

ed with instructions to vacate Robinson's conviction and sentence under either the CCE count or the conspiracy count), *vacated by* 531 U.S. 1108, 121 S.Ct. 851, 148 L.Ed.2d 766 (2001), *remanded to* 6 Fed.Appx. 359 (7th Cir.2001) (remanding to the district court

led to a resentencing.

At the resentencing, the district court accepted the presentence report's recommendation to group all counts (including the CCE charge) and assign a total offense level of 38. The court also determined that Robinson was in criminal history category III. Central to the criminal history calculation was a 1986 conviction for two counts of cocaine distribution for which Robinson received a sentence of 42 months imprisonment. Based on this prior sentence, three criminal history points were assigned pursuant to federal sentencing guideline § 4A1.1(a), which states: "Add 3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a) (2003). With the addition of these three points, Robinson's criminal history score fell within Criminal History Category III.

Robinson objects to the court's treatment of the 1986 conviction as a "prior sentence," claiming that the guideline definition for "prior sentence" prohibits the use of the 1986 conviction to establish both the CCE offense and enhance his criminal history score because it restricts the term to mean "any sentence previously imposed upon adjudication of guilt ... *for conduct not part of the instant offense.*" U.S.S.G. § 4A1.2(a)(1) (2003) (emphasis added).

Robinson's argument fails, however, because the sentencing guideline for CCE offenses specifically precludes his position:

Under 21 U.S.C. § 848, certain conduct for which the defendant has previously been sentenced may be charged as part

of the instant offense to establish a "continuing series of violations." A sentence resulting from a conviction sustained prior to the last overt act of the instant offense *is to be considered a prior sentence under § 4A1.2(a)(1)* and not part of the instant offense.

U.S.S.G. § 2D1.5, cmt. n. 3 (2003). There is no dispute that the 1986 conviction was sustained prior to the last overt act of the CCE offense. Therefore, this commentary explicitly contemplated and endorsed what the district court did-include the 1986 conviction as part of the instant CCE offense and consider it as a prior sentence under § 4A1.1 for criminal history purposes.

In an effort to avoid this conclusion, Robinson contends that the commentary to § 2D1.5 is irreconcilably at odds with guideline section § 4A1.2, and therefore, as the Supreme Court held in *Stinson v. United States*, when the guideline conflicts with the commentary, the guideline is to be followed. 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).[2] We disagree with Robinson's assertion that there is an irreconcilable conflict here. Rather, the commentary to the CCE guideline simply provides that when CCE is the instant offense, the general rule-that "prior sentence" shall not include conduct that is part of the instant offense-does not apply.

The rationale for such an exception is not difficult to determine. The gist of a CCE offense is the operation of a criminal business over a period of time involving a series of predicate offenses. If one of these predicate offenses results in a con-

---

with instructions to grant Robinson double jeopardy relief and to resentence *Robinson* in light of *Glover v. United States*, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001)). These prior appeals do not directly relate to or impact the issue in this appeal; therefore, we refrain from an extended discussion of them.

**2.** Robinson notes that the district court in its ruling stated, contrary to the decision in *Stinson*, that the commentary to § 2D1.5 "trumps" the more general § 4A1.2 guideline provision. We agree that "trump" was a poor choice of words, as commentary cannot "trump" an actual guideline section, but for the reasons discussed, we think the district court ultimately decided the issue correctly.

viction for that isolated act, but the offender continues to violate the law by engaging in further acts in a way that results in a CCE conviction, then he is not only guilty of CCE but he is also a repeat offender. If § 4A1.2 were strictly applied in CCE cases, the prior conviction could be used only as a basis for the CCE and not as a "prior sentence" for criminal history purposes, and the defendant's recidivism would go unaddressed.

Applying the rationale to this case, Robinson's 1986 conviction supports two separate grounds for punishment: one, it serves as a predicate for a CCE charge, and two, it indicates that Robinson is a repeat offender. The commentary to § 2D1.5 ensures that his punishment reflects both the CCE and his recidivism. Interpreting the guideline in this way not only avoids the alleged conflict, but it makes good sense. The Sixth Circuit agrees:

> A conviction for involvement in a continuing criminal enterprise differs from an isolated act because it necessarily involves the repeated commission of other crimes. The sentencing guidelines reflect the unique nature of a continuing criminal enterprise by including prior sentences in the defendant's criminal history, even if the prior sentences are for crimes committed in furtherance of the continuing criminal enterprise.

*United States v. Crosby*, 913 F.2d 313, 315 (6th Cir.1990) (citations omitted); *see also, United States v. Joyner*, 201 F.3d 61, 71 (2d Cir.2000) (noting that § 2D1.5 explains how § 4A1.2 is applied in CCE cases).

For the foregoing reasons, Johnson's sentence is AFFIRMED.