NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2009[*]
Decided May 6, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2917

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 92-CR-30020-MJR |
| ERVIN J. ROBINSON, *Defendant-Appellant.* | Michael J. Reagan, *Judge*. |

**O R D E R**

Ervin Robinson appeals the decision of the district court denying his motion under Federal Rule of Criminal Procedure 36 to correct a purported clerical error. We affirm.

Robinson pleaded guilty in 1992 to distribution of and possession with intent to distribute cocaine and marijuana, *see* 21 U.S.C. § 841(a)(1), participation in a continuing criminal enterprise ("CCE"), *see id.* § 848, and other charges stemming from a decade-long

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

drug-trafficking operation.  After a successful appeal, *see Robinson v. United States*, 6 Fed. App'x 359 (7th Cir. 2001), Robinson was resentenced in 2001.  At resentencing the district court included in the calculation of his criminal history a prior drug conviction that had also been used to establish his CCE offense.  Robinson challenged the sentence again, arguing that the conviction could not be used for both purposes.  We rejected Robinson's argument and affirmed his sentence.  *See United States v. Robinson*, 68 Fed. App'x 724 (7th Cir. 2003).

After an unsuccessful motion to modify his sentence under 18 U.S.C. § 3582(c)(2), Robinson tried yet another angle: in June 2008 he filed a motion under Rule 36, which permits a district court to correct a clerical error in a judgment at any time.  *See* FED. R. CRIM. P. 36.  According to Robinson, the prior drug conviction used to establish his CCE offense and compute his criminal history category also enhanced the statutory maximum penalty for his conviction under 21 U.S.C. § 841(a)(1).  Robinson asserts that this is "impermissible double counting," and characterizes the purported error as clerical.

Robinson misunderstands the phrase "clerical error," which, in the sentencing context, is a clerk's failure to accurately record the sentence pronounced from the bench in open court.  *See United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006); *United States v. Smith*, 438 F.3d 796, 799-800 (7th Cir. 2006).  Robinson does not contend that his sentence was improperly transcribed; the "error" he complains of is substantive.  Rule 36 is not a vehicle for raising substantive challenges to a sentence, *see Eskridge*, 445 F.3d at 934, and the district court was therefore correct to deny Robinson's motion.

AFFIRMED.