**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donald R. BENNETT, Defendant–Appellant.**

No. 97–4078.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 18, 1999.

Decided Feb. 18, 1999.[1]

---

1. By unpublished opinion; but on motion by the United States, the panel has decided to publish the opinion.

Matthew M. Schneider (submitted), Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Plaintiff–Appellee.

Donald R. Bennett, Chicago, IL, Pro Se Defendant–Appellant.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

POSNER, Chief Judge.

After Bennett's conviction of bank robbery and other crimes was affirmed, *United States v. Bennett*, 908 F.2d 189 (7th Cir.1990), and after a number of motions to vacate his conviction under 28 U.S.C. § 2255, and applications for leave to file successive such motions, were denied, Bennett filed a motion under Fed.R.Crim.P. 35(a) to "correct an illegal sentence," on the ground that he had been mentally incompetent when he was sentenced. The district court denied the motion, and he appeals. The rule has since been amended, but the former rule remains applicable to offenses committed, as Bennett's were, before November 1, 1987.

Bennett confuses an "illegal sentence" with a judgment that rests on an error. An illegal sentence within the meaning of Rule 35(a) is one that is ambiguous, inconsistent with the defendant's conviction, or otherwise defective. *United States v. Corbitt*, 13 F.3d 207, 210 n. 6 (7th Cir.1993); *United States v. Celani*, 898 F.2d 543, 544 (7th Cir.1990) (per curiam); *United States v. Plain*, 856 F.2d 913, 918 n. 5 (7th Cir.1988). There is no suggestion of that here. Bennett's complaint is that he shouldn't have been sentenced at all, and that is the type of complaint that may

be litigated only by a motion under 28 U.S.C. § 2255 to vacate the sentence. *Scott v. United States*, 997 F.2d 340, 341 (7th Cir.1993); *United States v. Hill*, 319 F.2d 653 (6th Cir.1963) (per curiam).

The district court had no jurisdiction to rule on Bennett's motion, which was outside the scope of Rule 35(a). If reclassified as a section 2255 motion, it was still outside the district court's jurisdiction, because it was a successive motion and Bennett had not obtained our permission to file it, as the statute requires.

We dismiss the appeal, therefore, and, treating the appeal as a request for leave to file a successive 2255 motion, *In re Page*, 170 F.3d 659, 661–62 (7th Cir.1999); *Nunez v. United States*, 96 F.3d 990, 991–92 (7th Cir.1996), we deny it.