**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eugene A. FISCHER, Defendant–**
**Appellant.**

No. 97–4246.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 2, 1999

Decided Feb. 29, 2000

Michael Thompson (argued), Office of the U.S. Attorney, Criminal Division, Fairview Heights, IL, Michael C. Carr, Office of the U.S. Attorney, Benton, IL, for plaintiff–appellee.

Steven Shobat (argued), Chicago, IL, for defendant–appellant.

Before CUDAHY, COFFEY and KANNE, Circuit Judges.

CUDAHY, Circuit Judge.

Over ten years ago, Eugene Fischer was convicted both of being the principal administrator of a continuing criminal enterprise and of conspiring to distribute marijuana. He received a life sentence and a concurrent sentence of 35 years, and we affirmed the convictions and sentence on direct appeal in *United States v. Kramer*, 955 F.2d 479 (7th Cir.1992). Shortly thereafter, Fischer filed a motion under FED. R. CRIM. P. 35 to correct his allegedly illegal sentence. In 1997, the district court granted Fischer's motion in part and denied it in part. Fischer filed a timely appeal, and we affirm.

I. BACKGROUND AND DISPOSITION BELOW

In 1988, a jury convicted Eugene Fischer of violating 21 U.S.C. §§ 841(a)(1) and 846 by conspiring to distribute more than 300 tons of marijuana. The jury also found that Fischer had participated as a principal administrator, organizer or leader of a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848, the "drug kingpin" statute, and assessed $30 million in criminal forfeitures against him. As required by § 848(b), the district court sentenced Fischer to life imprisonment. Fischer also received a 35–year sentence, to run concurrently, on the conspiracy conviction. Fischer's convictions and sentences were affirmed in all respects by this court. *Kramer*, 955 F.2d at 492.

■ In March of 1993, Fischer, proceeding *pro se* before the district court, filed a Rule 35 motion for correction or reduction of sentence. *See* FED.R.CRIM.P. 35. This motion was pending for over four years when the district court directed the parties to file supplemental materials in light of the Supreme Court's decision in *Rutledge v. United States*, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). In *Rutledge*, the Supreme Court held that a § 846 conspiracy is a lesser-included offense of a § 848 continuing criminal enterprise. *Id.* at 307, 116 S.Ct. 1241. Under *Rutledge*, conviction for both conspiracy and CCE offenses arising from the same facts constitutes double jeopardy, and one of the convictions must be vacated. *Id.* In December of 1997, the district court ruled on Fischer's supplemented four-year-old motion under both the new and the old versions of Rule 35,[1] vacating Fischer's conspiracy conviction and sentence and refunding a fifty dollar special assessment in accordance with *Rutledge*. The § 848 CCE conviction and life sentence remained unaltered.

In March of 1998, Fischer, again proceeding *pro se*, timely appealed the district court's decision, and we appointed counsel for Fischer in February of 1999. The appointed counsel filed a new lead brief, and the government responded. Then, in June of 1999, the Supreme Court handed down another decision seemingly relevant to Fischer's case. In *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), the Supreme Court held that a jury must unanimously agree not only that a defendant charged under § 848 engaged in a continuing series of violations but also must unanimously agree on which specific violations make up that continuing series. *See id.*, 119 S.Ct. at 1710–13. The parties requested permis-

---

1. Rule 35 was amended effective November 1, 1987. Because Fischer's crimes were committed before the effective date of the amended Rule 35, both the amended and prior version of the Rule apply. *See United States v. Doe*, 940 F.2d 199, 202 (7th Cir.1991). The district court discussed both the new and old versions of the Rule in detail, but we need not do so. Our analysis is equally applicable to either version, so this opinion will not distinguish between the two; instead, it simply refers to "Rule 35."

sion to file supplemental briefs addressing the impact of *Richardson*, and we granted that request. They did so, and the case proceeded to oral argument.

## II. DISCUSSION

In its present form, Fischer's appeal presents three issues for review—two discussed in his original brief and one discussed in the supplemental brief filed after *Richardson*. The three questions for us are: (1) did the district court fail to exercise its discretion in deciding to set aside Fischer's § 846 conspiracy conviction rather than his § 848 CCE conviction? (2) Did the district court abuse its discretion in deciding to set aside Fischer's § 846 conviction rather than his § 848 CCE conviction? And (3) does Fischer's § 848 CCE conviction violate the Supreme Court's *Richardson* decision?

### A. Failure to Exercise Discretion

■ Fischer first argues that the district court failed to exercise its discretion in deciding to vacate his conspiracy conviction and sentence under *Rutledge*. According to Fischer, the district court "did not balance any factors against any standard" but instead merely followed the government's suggestion to vacate the conspiracy conviction. Appellant's Br. at 14. Fischer is right insofar as the district court's opinion does not engage in any analysis; but this, however, does not necessarily signify a failure to exercise discre-

tion, *see, e.g., United States v. Hinojosa–Gonzalez*, 132 F.3d 1314, 1316 (9th Cir. 1997) ("[M]ere silence is inadequate evidence the district court was unaware of its authority ...."), and the fact that the district court asked the parties for supplemental materials on *Rutledge* implies that it gave the matter some thought. In the absence of evidence to the contrary, and Fischer presents none, accepting the government's suggestion here does not amount to a failure to exercise discretion.[2]

### B. Abuse of Discretion

■ Fischer next argues that the district court abused its discretion by deciding to vacate the lesser-included § 846 conspiracy offense. It would help his cause if Fischer could cite a single case where we, or any other Court of Appeals, held that it was an abuse of discretion for the district court under *Rutledge* to vacate the lesser-included conspiracy conviction. But he does not; nor could we find such a case. To the contrary, we recently held that it was *not* an abuse of discretion for the district court to vacate the lesser-included conspiracy conviction and let the CCE conviction stand. *See Lanier v. United States*, 205 F.3d 958, 966 (7th Cir. 2000). *See also United States v. Story*, 137 F.3d 518 (7th Cir.1997) (noting without comment that district court vacated conspiracy conviction). This post-*Rutledge* practice of vacating the § 846 conspiracy

---

**2.** The government goes so far as to suggest that the lesser-included offense should be *automatically* stricken, thus denying the district court the discretion to decide which of the two sentences to vacate under *Rutledge*. The *Rutledge* opinion itself says nothing about how lower courts should follow its rule, simply stating that " '[o]ne of [appellant's] convictions, as well as [his] concurrent sentence, is unauthorized punishment for a separate offense' and must be vacated." *Rutledge*, 517 U.S. at 307, 116 S.Ct. 1241 (quoting *Ball v. United States*, 470 U.S. 856, 864, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)). This statement itself is of little help, but if we look at *Ball*, we find guidance. In *Ball*, the Supreme Court impliedly determined that possession of a firearm is a lesser included offense of receipt of a

firearm. *See* 470 U.S. at 861, 105 S.Ct. 1668. To alleviate the double-punishment problem, the *Ball* Court remanded the case and explained that it "is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions." 470 U.S. at 864. Thus, when a defendant is convicted of an offense *and* a lesser-included offense, the district court should decide which conviction to vacate. We recently held as much in *Robinson v. United States*, 196 F.3d 748 (7th Cir. 1999), where we "remand[ed] to the district court with instructions to vacate [the defendant's] conviction and sentence under either the CCE count or the conspiracy count...." *Id.* at 754.

conviction has been endorsed by several other Circuits as well. *See, e.g., United States v. Dixon*, 132 F.3d 192, 196 (5th Cir.1997); *United States v. Boyd*, 131 F.3d 951, 954–55 (11th Cir.1997); *United States v. Avery*, 128 F.3d 966, 972 (6th Cir.1997); *United States v. Miller*, 116 F.3d 641, 678 (2d Cir.1997); *United States v. Jones*, 101 F.3d 1263, 1268 (8th Cir.1996).

■ Fischer cites one case in which a Court of Appeals suggested that it may have been proper to vacate a CCE conviction and let the lesser-included conspiracy conviction stand. In *United States v. Chambers*, 944 F.2d 1253 (6th Cir.1991), the Sixth Circuit acknowledged that the general rule was to vacate the § 846 conspiracy conviction[3] but suggested that vacating the CCE conviction could also be proper. *Id.* at 1269. However, in *Chambers*, a glitch in the Sentencing Guidelines rendered the § 846 conspiracy a more severe charge because it carried a *higher* sentence than the § 848 conviction.[4] *See id.* Rather than flatly suggesting that a § 848 conviction should be vacated in this situation, as Fischer argues *Chambers* does, *Chambers* simply implies that it would not have been an abuse of discretion to vacate the CCE conviction in a situation where it carried the *lower* sentence. *See id.* So, even if we were inclined to follow *Chambers*'s lead, we could affirm the vacation of Fischer's § 846 conspiracy conviction because it carries the lower penalty. We hasten to add, however, that there is no Iron Law that it is the conviction with the lowest penalty that *must* be vacated.

■ Fischer's final argument that the district court abused its discretion is based on the proposition that a court "must consider factors essential to the exercise of sound discretion." *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). He then provides his own set of self-serving "factors" to suggest that his

CCE conviction and sentence should have been vacated. His "factors" can be summarized as follows:

● The rule of lenity suggests that the conviction with the higher sentence be vacated.

● The government gained an unfair advantage by charging Fischer in a "multiplicitous indictment," meaning that he was charged with the greater (CCE) and the lesser (conspiracy) offense.

● Fischer was denied the benefit of a lesser-included offense instruction permitting the jury to acquit on the CCE charge.

● The government improperly relied on a narcotics conspiracy as a predicate offense upon which the jury could base its CCE conviction.

● Questions posed to the judge during jury deliberations reveal the jury's confusion regarding the availability of a lesser included offense.

Fischer's first "factor" is a true sentencing factor, but is inapplicable here because the rule of lenity "is not applicable unless there is a 'grievous ambiguity or uncertainty in the language and structure of [a statute.]' " *Chapman v. United States*, 500 U.S. 453, 463, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (quoting *Huddleston v. United States*, 415 U.S. 814, 831, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974)). The rule does not constitute "an overriding consideration of being lenient to wrongdoers." *Id.* The mandatory minimum life sentence for the CCE conviction could not be clearer, *see* 21 U.S.C. § 848(b), so the rule of lenity does not apply. As for Fischer's remaining "factors," they are not so much sentencing considerations as alleged errors at trial. Possible errors made during a trial are *not* proper considerations under Rule 35 because "the narrow function of Rule 35 is to permit correction ... of an

---

**3.** The Sixth Circuit had determined that a § 846 conspiracy count is a lesser-included offense of a § 848 CCE count prior to the Supreme Court's *Rutledge* decision.

**4.** This has since been corrected.

illegal *sentence*, not to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). *See also United States v. Bennett*, 172 F.3d 952, 953 (7th Cir.1999) (explaining that an "illegal sentence" should not be confused with a judgment that rests on error). Errors occurring at the trial can be considered under 28 U.S.C. § 2255, but they have no bearing on whether Fischer's sentence is "ambiguous, inconsistent with the ... conviction, or otherwise defective" and are therefore outside the purview of Rule 35. *Bennett*, 172 F.3d at 953. Thus, the district court correctly ignored these considerations.

The district court vacated Fischer's conspiracy conviction and sentence, and in so doing, it eliminated the double-punishment that violated *Rutledge*. *See Lanier*, 205 F.3d at 966. Only Fischer's CCE conviction and his life sentence remain, and that punishment "was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect." *Hill*, 368 U.S. at 430, 82 S.Ct. 468. The government met its burden of proof on all elements of the CCE conviction, and it would indeed be odd for us to say that the district court abused its discretion by allowing that conviction to stand. *See Lanier*, 205 F.3d at 966. Therefore, we find that the district court did not abuse its discretion here.

### C. *Richardson*

 Fischer's final argument, which was not made before the district court, is that his CCE conviction was obtained in violation of *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). In *Richardson*, the Supreme Court held that "a jury in a criminal case brought under § 848 must unanimously agree not only that the de-

fendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'series,'" 119 S.Ct. at 1709, and the defendant is entitled to a jury instruction that the jury must agree unanimously on which specific acts constituted the CCE violation. *See id.*, 119 S.Ct. at 1710–13. Fischer asserts, and apparently the government concedes, that no special unanimity instruction was given here. Because there was no special unanimity instruction, Fischer argues, his CCE conviction is invalid under *Richardson*, and we must vacate it and the accompanying life sentence instead of the conspiracy conviction and its 35-year sentence. But, as we explained above, a motion under FED.R.CRIM.P. 35 addresses only the possible illegality of the *sentence* itself, not the validity of the underlying *conviction*. *See Hill*, 368 U.S. at 430, 82 S.Ct. 468; *Bennett*, 172 F.3d at 953. Fischer's sentence was purged of any illegality when the lesser-included conspiracy conviction and sentence were vacated. Even though *Richardson* may call into question the validity of Fischer's CCE conviction, it does not provide a proper basis for ruling on a Rule 35 motion. *See Bennett*, 172 F.3d at 953–54. Fischer's argument under *Richardson* is an attack on the underlying CCE conviction, not the sentence imposed. He is not arguing that his sentence was somehow flawed; he claims that he should not have been convicted in the first place. Such a challenge should be litigated by a motion under 28 U.S.C. § 2255. *See Bennett*, 172 F.3d at 953–54. Fischer filed a § 2255 motion in 1997, and that motion is currently on appeal before this court. *See Fischer v. United States*, No. 98–1803; *United States v. Fischer*, No. 98–1860. Consideration of this *Richardson* issue is more appropriate in that docket. We note that Fischer may have a tough road ahead given this court's recent decision in *Lanier*, where we rejected a similar *Richardson* argument by one of Fischer's co-defendants using harmless-error analysis as re-

quired by *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). *See Lanier*, 205 F.3d at 962–965, 2000 U.S.App. LEXIS 1709, at \*7–\*17, 2000 WL 201527. Regardless of the ultimate outcome of Fischer's *Richardson* issue, this is not the proper place to decide it.

## III. CONCLUSION

Fischer fails to present any persuasive reason why the district court's decision to vacate his conspiracy conviction and sentence was an abuse of discretion; therefore, the decision of the district court is AFFIRMED.