In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1731

John A. Ramunno, Jr.,

Petitioner-Appellant,

v.

United States of America,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00-CV-4119-JPG (96-CR-40034-JPG)--
J. Phil Gilbert, Judge.

Submitted August 17, 2001--Decided September 4, 2001


  Before Easterbrook, Manion, and Diane P.
Wood, Circuit Judges.

  Easterbrook, Circuit Judge.  The district
court dismissed as untimely John
Ramunno's collateral attack under 28
U.S.C. sec.2255. To obtain this court's
review, Ramunno needs a certificate of
appealability, 28 U.S.C.
sec.2253(c)(1)(B), which paragraph (2)
says "may issue . . . only if the
applicant has made a substantial showing
of the denial of a constitutional right."
Paragraph (3) of sec.2253(c) adds that a
"certificate of appealability under
paragraph (1) shall indicate which
specific issue or issues satisfy the
showing required by paragraph (2)." The
district court issued a certificate of
appealability specifying one issue: "the
date upon which [Ramunno's] conviction
became final for purposes of the one-year
statute of limitations." This may be a
disputed issue of fact or an issue of
statutory interpretation, but it does not
concern "the denial of a constitutional
right." Disputes about a petition's
timeliness do not support an appeal
unless a substantial constitutional issue
lurks in the background, and the
statutory question is independently
substantial. See Slack v. McDaniel, 529
U.S. 473, 483-85 (2000); Garrott v.
United States, 238 F.3d 903 (7th Cir.

2001); Owens v. Boyd, 235 F.3d 356 (7th Cir. 2000); United States v. Marcello, 212 F.3d 1005 (7th Cir. 2000).

Appellate courts have disagreed about whether a certificate of appealability conforming to sec.2253(c)(2) and (3) is a jurisdictional requirement. Some hold that it is. See, e.g., United States v. Cepero, 224 F.3d 256 (3d Cir. 2000). This circuit is among those holding that it is not--that although a certificate of appealability is indispensable, compliance with the substantial-constitutional-issue requirement of paragraph (c)(2) is not. See, e.g., Owens, 235 F.3d at 358; Marcello, 212 F.3d at 1008; Romandine v. United States, 206 F.3d 731, 734 (7th Cir. 2000); Young v. United States, 124 F.3d 794, 798-99 (7th Cir. 1997). But as we remarked in Young, reiterated in Marcello, and demonstrated in Buggs v. United States, 153 F.3d 439, 443 (7th Cir. 1998), the court is prepared to enforce sec.2253(c) by dismissing an appeal if the appellee brings the defect to our attention early in the process, as the United States has done before the close of briefing by filing a motion to vacate the certificate. Vacating a certificate of appealability is an unusual step, Marcello emphasizes, but the possibility of review is essential if the statutory limits are to be implemented. Otherwise district judges have the authority to issue certificates of appealability for any reason at all, and as open-ended as they please.

Once an appeal has been fully briefed some of the hoped-for savings from concentrating on substantial constitutional issues have been lost. Marcello concludes that the court has discretion to retain the appeal even if the request precedes the completion of briefing, see 212 F.3d at 1007-08; the more important to other cases the non-constitutional issue may be, the more likely is this court to complete the process of briefing and decision. But when the certificate of appealability presents nothing but a simple (or case-specific) statutory issue, dismissal should be the norm--unless the defendant can establish that some other issue justifies appellate review, for it is the defendant's prerogative to seek an extension of the certificate of

appealability to other issues that meet the statutory criteria. See Sylvester v. Hanks, 140 F.3d 713 (7th Cir. 1998). If the case presents a substantial constitutional question, then an independently substantial statutory issue may come along for the ride. This is one holding of Slack.

The United States' motion to vacate the certificate of appealability observes that the only issue mentioned by the district court is statutory--and it appears to concern only the application of established rules to particular events. As for the claims made in Ramunno's motion under sec.2255: Only one of these rests on the Constitution. Ramunno contends that his lawyer furnished ineffective assistance by not obtaining for his client additional benefits under federal statutes and the Sentencing Guidelines. See Glover v. United States, 121 S. Ct. 696 (2001). And, at least as the United States describes that constitutional claim, it does not appear to be substantial. But the prosecutor is hardly going to display Ramunno's claim in its best light, so we waited to see what Ramunno's current lawyer has to say. After taking 40 days to file a response, counsel said nothing about the Constitution. The United States' motion pointedly referred to Slack, Owens, Garrott, and Marcello, as well as sec.2253(c)(2) itself, so Ramunno's lawyer had to recognize that a substantial constitutional issue is essential if the appeal is to continue. Nonetheless, all counsel's response says is that the timeliness question is debatable, and that the appeal therefore should continue.

We publish this opinion as a reminder, both to district judges and to counsel. A certificate of appealability never should have been issued in this case--not, that is, unless the underlying ineffective-assistance claim is "substantial," and we have no reason to suppose that the district judge thought this. Once the defective certificate was issued, and the United States moved to vacate, counsel for the petitioner should have made every effort to identify an issue that does satisfy sec.2253(c)(2). Perhaps counsel did so and came up empty; but then one wonders why counsel filed an appeal, for if there is no substantial constitutional

issue a remand would do Ramunno no good. Our own protocol when the appellee (state or federal) moves to vacate a certificate of appealability will be to invite a response by counsel (or a prisoner proceeding pro se), citing Slack and this opinion. If that response does not draw our attention to a substantial constitutional issue, the certificate will be vacated and the appeal dismissed. If the response does contend that such an issue exists, we will conduct the inquiry and apply the standards articulated by the Supreme Court in Slack. Because Ramunno's response does not contend that there is a substantial constitutional issue--and because the motion itself drew Slack and sec. 2253(c)(2) to counsel's attention--we stop at the first step. The certificate of appealability is vacated, and the appeal is dismissed.