**Eugene A. FISCHER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 98–1803.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 23, 2001.

Decided April 4, 2002.

Steven Shobat (argued), Chicago, IL, for petitioner-appellant.

W. Charles Grace, Michael Thompson (argued), Office of the United States Attorney Criminal Division, Fairview Heights, IL, for respondent-appellee.

Before WOOD, Jr., CUDAHY, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Eugene Fischer seeks habeas relief from his conviction of being the principal administrator of a continuing criminal enterprise (CCE), alleging that his conviction was obtained in violation of *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). The district court denied habeas relief, and we affirm.

## I. History

Over thirteen years ago, Fischer was convicted of violating 21 U.S.C. §§ 841(a)(1) and 846 by conspiring to distribute more than 300 tons of marijuana. The jury also found that Fischer had participated as a principal administrator, organizer, or leader of a CCE in violation of 21 U.S.C. § 848 (the "drug kingpin" statute), and assessed $30 million in criminal forfeitures against him. As required by the drug kingpin statute, the district court sentenced Fischer to life imprisonment. Fischer was also given a 35–year sentence, to run concurrently, on the conspiracy conviction. In *United States v. Kramer,* 955 F.2d 479, 492 (7th Cir.1992), we affirmed Fischer's convictions and sentences in all respects.

### A. Habeas Proceedings before the District Court

On April 21, 1997, Fischer filed a petition for writ of habeas corpus under 28 U.S.C. § 2255, raising the following claims: (1) the prosecutor lacked authority to bring the case; (2) the grand jury concurrence form was improper; (3) the amendments to the indictment were improper; (4) the trial judge had an actual conflict and should have recused himself; (5) his trial counsel was ineffective; and (6) the trial judge improperly admitted certain prejudicial evidence.[1] Although he had challenged the lack of jury unanimity with respect to his CCE conviction on direct appeal, he did not do so in his habeas petition. On March 12, 1998, the district court denied Fischer's habeas petition.

### B. Fischer's Rule 35 Motion

On March 30, 1993, Fischer filed a Fed. R.Crim.P. 35 motion seeking to correct or

---

1. Fischer also supplemented his habeas petition and added additional claims not relevant to this appeal.

reduce his sentence. In 1997, relying on the Supreme Court's then-recent decision in *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), the district court granted Fischer's motion in part and denied it in part. In *Rutledge,* the Supreme Court held that a § 846 conspiracy is a lesser included offense of a § 848 CCE. *See* 517 U.S. at 307, 116 S.Ct. 1241. Under *Rutledge,* convictions for both conspiracy and CCE offenses arising from the same facts constitute double jeopardy, and one of the convictions must be vacated. *See id.* In the present case, the district court vacated Fischer's conspiracy conviction and sentence, and refunded a fifty-dollar special assessment in accordance with *Rutledge. See United States v. Fischer,* 205 F.3d 967, 969 (7th Cir.2000). The CCE conviction and life sentence remained unaltered. *See id.* Fischer appealed, arguing that the district court abused its discretion by vacating his conspiracy conviction and sentence instead of his CCE conviction and sentence. *See id.* at 970. On February 29, 2000, we affirmed the district court. *See id.* at 973.

During Fischer's Rule 35 appeal, Fischer attempted to challenge the lack of jury unanimity with respect to his CCE convictions pursuant to *Richardson.* In *Richardson,* the Supreme Court held that a jury must unanimously agree not only that a defendant charged under § 848 engaged in a continuing series of violations, but also must unanimously agree on which specific violations made up that continuing series. *See* 526 U.S. at 817–24, 119 S.Ct. 1707. After granting the parties' request to brief the *Richardson* issue, we held that because Fischer's argument under *Richardson* attacked his underlying CCE conviction and not the actual sentence imposed, a Rule 35 motion was not the proper means by which to assert his claim. *See* 205 F.3d at 972. We concluded by noting that such challenges to a conviction should be raised

under 28 U.S.C. § 2255, not under Rule 35. *See id.*

### C. Certificate of Appealability

After the district court denied Fischer's habeas petition on March 12, 1998, Fischer requested a certificate of appealability from the district court, which denied that request on March 28, 1998. On April 10, 1998, Fischer sought a certificate of appealability from this court for the claims raised in his habeas petition—which did not include a challenge to the lack of jury unanimity. On April 26, 2000, Fischer renewed his motion for a certificate of appealability and petitioned to amend his application for a certificate of appealability to include a *Richardson* claim. We denied a certificate of appealability for the claims arising out of Fischer's initial habeas petition, but granted a certificate of appealability limited solely to the *Richardson* issue.

## II. Analysis

■ As an initial matter, we must address the government's argument that we lack jurisdiction under 28 U.S.C. § 2255 to hear Fischer's claim. The relevant provision of that statute provides that "[a] 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). There is no dispute that *Richardson* created a "newly recognized" right, *see, e.g., United States v. Lopez,* 248 F.3d 427, 429 (5th Cir.2001), or that it is generally retroactively applicable on collateral review. *See Lanier v. United States,* 220 F.3d 833, 838 (7th Cir.2000); *see also Lopez,* 248 F.3d at 432; *Murr v. United*

*States*, 200 F.3d 895, 906 (6th Cir.2000) (stating that "in light of *Bousley* [v. *United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)] *Richardson* applies retroactively" on collateral review). The government contends that only the Supreme Court may determine whether a decision is "made retroactively applicable to cases on collateral review." However, we rejected this precise argument in *Ashley v. United States*, 266 F.3d 671, 673 (7th Cir.2001) and held that "[d]istrict and appellate courts, no less than the Supreme Court, may issue opinions 'holding' that a decision applies retroactively to cases on collateral review." The final issue is whether Fischer filed his motion within one year of the date that *Richardson* was "made retroactive." In *Ashley*, 266 F.3d at 674, we held that the clock began to run once this court declared a decision to apply retroactively. On June 12, 2000, we declared Richardson to be retroactively applicable on collateral review. *See Lanier*, 220 F.3d at 838. Therefore, because Fischer filed his claim before that date, we have jurisdiction to hear his *Richardson* claim under § 2255(3).

■ However, just because we have jurisdiction under § 2255(3) to hear Fischer's *Richardson* claim does not mean that his claim is properly before us. In order for us to consider a particular ground for habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214 (1996) (codified at 28 U.S.C. § 2255), an inmate must first present this ground to the district court in a timely filed petition. *See, e.g., Gray–Bey v. United States*, 156 F.3d 733, 743 (7th Cir.1998). Although Supreme Court case law issued during the pendency of an appeal may provide inmates and their counsel with a powerful new ground for relief that they may wish they had presented to the district court, an appellate court is not the proper venue to consider such a ground for the first time. *See id.* If the original petition did not contain this ground for relief, then that ground has been waived on appeal, *see id.*, and a prisoner's habeas options are thereafter limited by the special rules that apply to second or successive collateral attacks. *See* 28 U.S.C. § 2255, ¶ 8; *see also Talbott v. Indiana*, 226 F.3d 866 (7th Cir. 2000) (holding that in a second or successive habeas petition, relief is only possible if the Supreme Court declares that a new rule of constitutional law applies retroactively).

■ In the present case, the government argues that Fischer's appeal must be rejected because he did not challenge the lack of jury unanimity before the district court and therefore is barred from making such a challenge on appeal. We faced a similar scenario in *Gray–Bey*, 156 F.3d 733. In *Gray–Bey*, 156 F.3d at 735, the defendant had been convicted of using a firearm during drug trafficking in violation of 18 U.S.C. § 924(c). The defendant filed a petition for habeas relief under § 2255, which the district court denied. *See* 156 F.3d at 736–37. Subsequent to that denial, the Supreme Court handed down *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which, according to the defendant, required reversal of his 924(c) conviction. *See* 156 F.3d at 742. On appeal, the defendant attempted to raise a *Bailey* claim even though he had not raised it before the district court. We initially noted that it was "axiomatic that an issue not first presented to the district court may not be raised before the appellate court as a ground for reversal." *Id.* at 742–43. We then held that the defendant could not raise a *Bailey* claim on appeal because he had failed to raise it before the district court. *See id.* at 743. Here, as in *Gray–Bey*, Fischer failed to challenge the

lack of jury unanimity in his habeas petition before the district court,[2] and therefore he cannot raise the claim before this court. *See id.*; *see also Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001) ("By failing to raise [the] issue in his § 2255 petition before the district court, [the defendant] has waived it.").

Fischer attempts to circumvent this bar by pointing to our statement in our Rule 35 decision that a *Richardson* claim "should be litigated under 28 U.S.C. § 2255," not under Rule 35. 205 F.3d at 972. Fischer contends that this statement permits him to now raise his *Richardson* claim even though he did not raise this claim before the district court. Fischer, however, is mistaken as our opinion rejecting Fischer's Rule 35 appeal only informed Fischer of the proper method to raise his *Richardson* claim. Similarly, our motion granting Fischer a certificate of appealability only allowed Fischer to obtain this court's review. *See Ramunno v. United States*, 264 F.3d 723, 724–25 (7th Cir.2001). Neither the Rule 35 opinion, nor the certificate of appealability relieved Fischer of complying with the procedural requirements necessary to pursue his *Richardson* claim, and his failure to challenge the lack of jury unanimity before the district court is fatal to his claim on appeal. *See Gray–Bey*, 156 F.3d at 743.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of Fischer's habeas petition.

---

**2.** Fischer conceded his failure to raise this issue in his motion to amend his petition for a certificate of appealability, and the record is clear that he did not raise this issue before the district court in any of his habeas pleadings.

*Cf. Lanier*, 220 F.3d at 838 (finding that supplemental brief submitted before the district court had decided original motion preserved issue for appeal).