In the
United States Court of Appeals
For the Seventh Circuit

No. 98-1803

Eugene A. Fischer,

Petitioner-Appellant,

v.

United States of America,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 97 C 4116--James L. Foreman, Judge.

Argued October 23, 2001--Decided April 4, 2002

   Before Harlington Wood, Jr., Cudahy, and
Kanne, Circuit Judges.

   Kanne, Circuit Judge.   Eugene Fischer
seeks habeas relief from his conviction
of being the principal administrator of a
continuing criminal enterprise (CCE),
alleging that his conviction was obtained
in violation of Richardson v. United
States, 526 U.S. 813, 119 S. Ct. 1707,
143 L. Ed. 2d 985 (1999). The district
court denied habeas relief, and we
affirm.

I.  History

   Over thirteen years ago, Fischer was
convicted of violating 21 U.S.C. sec.sec.
841(a)(1) and 846 by conspiring to
distribute more than 300 tons of
marijuana. The jury also found that
Fischer had participated as a principal
administrator, organizer, or leader of a
CCE in violation of 21 U.S.C. sec. 848
(the "drug kingpin" statute), and
assessed $30 million in criminal
forfeitures against him. As required by
the drug kingpin statute, the district
court sentenced Fischer to life
imprisonment. Fischer was also given a
35-year sentence, to run concurrently, on
the conspiracy conviction. In United
States v. Kramer, 955 F.2d 479, 492 (7th
Cir. 1992), we affirmed Fischer's
convictions and sentences in all

respects.

## A.  Habeas Proceedings before the District Court

On April 21, 1997, Fischer filed a petition for writ of habeas corpus under 28 U.S.C. sec. 2255, raising the following claims: (1) the prosecutor lacked authority to bring the case; (2) the grand jury concurrence form was improper; (3) the amendments to the indictment were improper; (4) the trial judge had an actual conflict and should have recused himself; (5) his trial counsel was ineffective; and (6) the trial judge improperly admitted certain prejudicial evidence./1 Although he had challenged the lack of jury unanimity with respect to his CCE conviction on direct appeal, he did not do so in his habeas petition. On March 12, 1998, the district court denied Fischer's habeas petition.

## B.  Fischer's Rule 35 Motion

On March 30, 1993, Fischer filed a Fed. R. Crim. P. 35 motion seeking to correct or reduce his sentence. In 1997, relying on the Supreme Court's then-recent decision in Rutledge v. United States, 517 U.S. 292, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996), the district court granted Fischer's motion in part and denied it in part. In Rutledge, the Supreme Court held that a sec. 846 conspiracy is a lesser-included offense of a sec. 848 CCE. See 517 U.S. at 307. Under Rutledge, convictions for both conspiracy and CCE offenses arising from the same facts constitute double jeopardy, and one of the convictions must be vacated. See id. In the present case, the district court vacated Fischer's conspiracy conviction and sentence, and refunded a fifty-dollar special assessment in accordance with Rutledge. See United States v. Fischer, 205 F.3d 967, 969 (7th Cir. 2000). The CCE conviction and life sentence remained unaltered. See id. Fischer appealed, arguing that the district court abused its discretion by vacating his conspiracy conviction and sentence instead of his CCE conviction and sentence. See id. at 970. On February 29, 2000, we affirmed the district court. See id. at 973.

During Fischer's Rule 35 appeal, Fischer

attempted to challenge the lack of jury unanimity with respect to his CCE convictions pursuant to Richardson. In Richardson, the Supreme Court held that a jury must unanimously agree not only that a defendant charged under sec. 848 engaged in a continuing series of violations, but also must unanimously agree on which specific violations made up that continuing series. See 526 U.S. at 817-24. After granting the parties' request to brief the Richardson issue, we held that because Fischer's argument under Richardson attacked his underlying CCE conviction and not the actual sentence imposed, a Rule 35 motion was not the proper means by which to assert his claim. See 205 F.3d at 972. We concluded by noting that such challenges to a conviction should be raised under 28 U.S.C. sec. 2255, not under Rule 35. See id.

## C.  Certificate of Appealability

   After the district court denied Fischer's habeas petition on March 12, 1998, Fischer requested a certificate of appealability from the district court, which denied that request on March 28, 1998. On April 10, 1998, Fischer sought a certificate of appealability from this court for the claims raised in his habeas petition--which did not include a challenge to the lack of jury unanimity. On April 26, 2000, Fischer renewed his motion for a certificate of appealability and petitioned to amend his application for a certificate of appealability to include a Richardson claim. We denied a certificate of appealability for the claims arising out of Fischer's initial habeas petition, but granted a certificate of appealability limited solely to the Richardson issue.

## II.  Analysis

   As an initial matter, we must address the government's argument that we lack jurisdiction under 28 U.S.C. sec. 2255 to hear Fischer's claim. The relevant provision of that statute provides that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review." 28 U.S.C. sec. 2255(3). There is no dispute that Richardson created a "newly recognized" right, see, e.g., United States v. Lopez, 248 F.3d 427, 429 (5th Cir. 2001), or that it is generally retroactively applicable on collateral review. See Lanier v. United States, 220 F.3d 833, 838 (7th Cir. 2000); see also Lopez, 248 F.3d at 432; Murr v. United States, 200 F.3d 895, 906 (6th Cir. 2000) (stating that "in light of Bousley[ v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)] Richardson applies retroactively" on collateral review). The government contends that only the Supreme Court may determine whether a decision is "made retroactively applicable to cases on collateral review." However, we rejected this precise argument in Ashley v. United States, 266 F.3d 671, 673 (7th Cir. 2001) and held that "[d]istrict and appellate courts, no less than the Supreme Court, may issue opinions 'holding' that a decision applies retroactively to cases on collateral review." The final issue is whether Fischer filed his motion within one year of the date that Richardson was "made retroactive." In Ashley, 266 F.3d at 674, we held that the clock began to run once this court declared a decision to apply retroactively. On June 12, 2000, we declared Richardson to be retroactively applicable on collateral review. See Lanier, 220 F.3d at 838. Therefore, because Fischer filed his claim before that date, we have jurisdiction to hear his Richardson claim under sec. 2255(3).

However, just because we have jurisdiction under sec. 2255(3) to hear Fischer's Richardson claim does not mean that his claim is properly before us. In order for us to consider a particular ground for habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214 (1996) (codified at 28 U.S.C. sec. 2255), an inmate must first present this ground to the district court in a timely filed petition. See, e.g., Gray-Bey v. United States, 156 F.3d 733, 743 (7th Cir. 1998). Although Supreme Court case law issued during the pendency of an appeal may provide inmates and their counsel with a powerful new ground for relief that they may wish they had

presented to the district court, an appellate court is not the proper venue to consider such a ground for the first time. See id. If the original petition did not contain this ground for relief, then that ground has been waived on appeal, see id., and a prisoner's habeas options are thereafter limited by the special rules that apply to second or successive collateral attacks. See 28 U.S.C. sec. 2255, para. 8; see also Talbott v. Indiana, 226 F.3d 866 (7th Cir. 2000) (holding that in a second or successive habeas petition, relief is only possible if the Supreme Court declares that a new rule of constitutional law applies retroactively).

In the present case, the government argues that Fischer's appeal must be rejected because he did not challenge the lack of jury unanimity before the district court and therefore is barred from making such a challenge on appeal. We faced a similar scenario in Gray-Bey, 156 F.3d 733. In Gray-Bey, 156 F.3d at 735, the defendant had been convicted of using a firearm during drug trafficking in violation of 18 U.S.C. sec. 924(c). The defendant filed a petition for habeas relief under sec. 2255, which the district court denied. See 156 F.3d at 736-37. Subsequent to that denial, the Supreme Court handed down Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), which, according to the defendant, required reversal of his 924(c) conviction. See 156 F.3d at 742. On appeal, the defendant attempted to raise a Bailey claim even though he had not raised it before the district court. We initially noted that it was "axiomatic that an issue not first presented to the district court may not be raised before the appellate court as a ground for reversal." Id. at 742-43. We then held that the defendant could not raise a Bailey claim on appeal because he had failed to raise it before the district court. See id. at 743. Here, as in Gray-Bey, Fischer failed to challenge the lack of jury unanimity in his habeas petition before the district court,/2 and therefore he cannot raise the claim before this court. See id.; see also Valenzuela v. United States, 261 F.3d 694, 700 (7th Cir. 2001) ("By failing to raise [the] issue in his sec. 2255 petition before the district court, [the

defendant] has waived it.").

   Fischer attempts to circumvent this bar by pointing to our statement in our Rule 35 decision that a Richardson claim "should be litigated under 28 U.S.C. sec. 2255," not under Rule 35. 205 F.3d at 972. Fischer contends that this statement permits him to now raise his Richardson claim even though he did not raise this claim before the district court. Fischer, however, is mistaken as our opinion rejecting Fischer's Rule 35 appeal only informed Fischer of the proper method to raise his Richardson claim. Similarly, our motion granting Fischer a certificate of appealability only allowed Fischer to obtain this court's review. See Ramunno v. United States, 264 F.3d 723, 724-25 (7th Cir. 2001). Neither the Rule 35 opinion, nor the certificate of appealability relieved Fischer of complying with the procedural requirements necessary to pursue his Richardson claim, and his failure to challenge the lack of jury unanimity before the district court is fatal to his claim on appeal. See Gray-Bey, 156 F.3d at 743.

III.  Conclusion

   For the foregoing reasons, we AFFIRM the district court's denial of Fischer's habeas petition.

FOOTNOTES

/1 Fischer also supplemented his habeas petition and added additional claims not relevant to this appeal.

/2 Fischer conceded his failure to raise this issue in his motion to amend his petition for a certificate of appealability, and the record is clear that he did not raise this issue before the district court in any of his habeas pleadings. Cf. Lanier, 220 F.3d at 838 (finding that supplemental brief submitted before the district court had decided original motion preserved issue for appeal).