**Carlos R. COLE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 3:00–CV–613 RM.**

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2002 *.

Decided June 5, 2002.

Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

---

* After examining the briefs and record, we conclude that oral argument is unnecessary, and

### ORDER

After pleading guilty to armed bank robbery, *see* 18 U.S.C. § 2113(a), (d), Carlos Cole sought collateral relief under 28 U.S.C. § 2255, claiming, among other things, that he received ineffective assistance of counsel. The district court denied the motion, but then granted a certificate of appealability on the ineffective-assistance claim without explaining how that claim is "substantial"—a requirement to obtain appellate review. 28 U.S.C. § 2253(c)(2); *Ramunno v. United States*, 264 F.3d 723, 726 (7th Cir.2001). And the claim is not substantial; it is in fact frivolous. Nonetheless, the government has not moved to vacate the certificate, *see Ramunno*, 264 F.3d at 726, so we will proceed to the merits of the appeal.

Cole contends that his lawyer furnished ineffective assistance by failing to investigate three possible lines of defense: (1) that "bank" as defined in 18 U.S.C. § 2113(f) does not include institutions that are insured by the Federal Deposit Insurance Corporation "for only insolvency and not bank robbery"; (2) that "the intent element of [§ 2113(a)]" was not met because Cole did not "enter[ ] the bank with intent to commit a felony affecting such bank ... because [he] had been drinking and using drugs, which had altered his mind"; and (3) that the indictment was defective because it cited only to § 2113(d) and not § 2113(a). All three of these arguments are frivolous, so Cole's lawyer was not deficient for failing to raise them. First, it does not matter that the bank Cole robbed was not FDIC-insured for losses due to criminal acts. *See* 18 U.S.C. § 2113(f). *No* bank is; FDIC-insurance coverage by nature does not extend so far. *See United States v. Watts*, 256 F.3d 630, 633–34 (7th Cir.2001), *petition for cert.*

---

the appeal is submitted for decision. *See* Fed. R.App. P. 34(a)(2).

*filed* (Aug. 17, 2001) (No. 01–5860). Second, it is irrelevant whether Cole "entered the bank with intent to commit a felony." Cole pleaded guilty to bank *robbery* under the first paragraph of subsection (a), which does not require proof of such intent. *See generally Carter v. United States,* 530 U.S. 255, 267–271, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000). Lastly, an omission in the citation of a charging statute is not grounds for reversal unless the omission misled the defendant to his prejudice. Fed.R.Crim.P. 7(c)(3); *United States v. Brumley,* 217 F.3d 905, 913 (7th Cir.2000). Here, the indictment contains all the elements of the charged offense, and Cole gives no explanation whatsoever how he was prejudiced by the indictment's failure to cite to both subsections of the statute.

Cole has briefed additional issues, but the certificate of appealability, which we previously declined to expand, was limited to just the ineffective-assistance claim. The decision of the district court is therefore AFFIRMED.