NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 24, 2010
Decided January 5, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No.  10-2838

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 4:87-CR-40070-JPG-4 |
| EUGENE A. FISCHER, <br> *Defendant-Appellant*. | J. Phil Gilbert, <br> *Judge*. |

**O R D E R**

In 1988, Eugene A. Fischer was convicted of two offenses: (1) engaging in a continuing criminal enterprise (CCE) involving the importation of a massive amount of marijuana into the United States and (2) conspiring to distribute that marijuana.  After the Supreme Court issued its decision in *Rutledge v. United States*, 517 U.S. 292 (1996), the district court vacated Fischer's conspiracy  conviction, since *Rutledge* required courts to consider conspiracy to be a lesser included offense of a CCE violation.  In the years following the district court's decision to vacate his conspiracy conviction, Fischer has filed a litany of *pro se* motions challenging the legitimacy of his CCE conviction and the district court's decision to vacate his conspiracy conviction instead of his CCE conviction.  While

the persistence with which Fischer has sought relief is understandable–Fischer faces a life sentence under the CCE conviction and only a 35-year term of imprisonment under the conspiracy conviction–his continual refusal to comply with our procedural rules has caused the majority of his appeals to be dismissed out of hand. The motion underlying Fischer's current appeal is yet another example of him attempting to skirt our rules.

On June 28, 2010, Fischer filed a motion–titled "Rule 35 Motion for Correction or Reduction of Sentence"–in the District Court for the Northern District of Illinois. In this motion, Fischer once again requested that the district court reverse his conviction for acting as a principal administrator in a continuing criminal enterprise of importing and distributing marijuana, and reinstate the conspiracy conviction that the court had vacated. He argued that subsequent precedent–chiefly that set forth in *Richardson v. United States*, 526, U.S. 813 (1998) and *Hawkins v. United States*, 2006 U.S. Dist. LEXIS 76439 (S.D. Ill. 2006)–provided grounds for revisiting his district court's prior decision.

On July 27, 2010, the district court dismissed Fischer's motion. It held that Fischer's motion was not actually a Rule 35 motion, as Rule 35 only provides a vehicle for challenging the propriety of a sentence and not the conviction underlying the sentence. The court interpreted Fischer's motion as an attempt to vacate, set aside or correct his CCE sentence and stated that 28 U.S.C. § 2255 was the only procedural means by which Fischer could seek such relief. After construing Fischer's filing as a 28 U.S.C. § 2255 motion, the court dismissed it for lack of jurisdiction, finding that Fischer's motion constituted a successive petition that required certification by the Seventh Circuit prior to being heard by the district court.

The district court's determination that it lacked jurisdiction over Fischer's motion was correct. Despite Fischer's attempts to recharacterize the relief sought in his initial motion, it is clear upon review of that document that it asks the district court to set aside Fischer's CCE conviction. As we held when considering one of Fischer's prior appeals, "the narrow function of Rule 35 is to permit correction of an illegal *sentence*, not to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence." *United States v. Fischer*, 205 F.3d 967, 971-72 (7th Cir. 2000). Hence, it was proper for the district court to view Fischer's motion as a 28 U.S.C. § 2255 motion. *Melton v. United States*, 359 F.3d 855, 856-57 (7th Cir. 2004). Since Fischer has filed numerous § 2255 motions previously, he is required to obtain certification from this court prior to filing a § 2255 motion in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007). Because Fischer's motion was not certified by this court, it was proper for the district court to determine that it lacked jurisdiction over the motion.

For the foregoing reasons, the decision of the district court is AFFIRMED.